IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,  :<br><br>Plaintiff,  :<br><br>v.  :<br><br>FILTERFRESH COFFEE SERVICES INC.,  :<br><br>Defendant.  : | CIVIL ACTION NO.<br><br>COMPLAINT<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

This is an action under Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991 ("Title VII") to correct unlawful employment practices on the basis of sex, and to provide appropriate relief to Ms. Kelli Easterling ("Easterling"), who was adversely affected by such practices. The Commission alleges that Defendant terminated Ms. Easterling from her position as a Business Development Representative because of her sex, female, in violation of Title VII.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended,

42 U.S.C. § 2000e-5(f)(1) and (3) (Title VII), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Georgia, Atlanta Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Filterfresh Coffee Services, Inc. ("Defendant") has continuously been doing business in the State of Georgia and the City of Atlanta and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Section 701(b), (g) and (h) of Title VII, 42 U.S.C. § 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than 30 days prior to the institution of this lawsuit, Ms. Easterling filed her charge with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least July, 2008, Defendant has engaged in unlawful employment practices at its Atlanta, Georgia, location in violation of Section 706(f)(1) and (3) of Title VII. 42 U.S.C. § 2000e-5(f)(1) and (3), by terminating Ms. Easterling because of her sex, female, in violation of Title VII.

8. On or about May 5, 2008, Defendant hired Ms. Easterling as a Business Development Representative ("BDR") in Defendant's Atlanta, GA branch by General Manager Nick Canzoneri ("Canzoneri").

9. With the addition of Ms. Easterling, Defendant's Atlanta branch had two BDRs, the other being Paul Terry ("Terry"), male, who had joined the company in December 2006.

10. As Business Development Representatives, Easterling and Terry were responsible for generating new business and cultivating existing client relationships.

11. Each BDR was assigned a minimum gross profit target for every four

week period in the fiscal year, as well as an annual new business gross profit goal, referred to as the "YTD Goal."

12. Each BDR was expected to generate sales from cold calling and utilizing other sales techniques; however, sales leads would routinely come into the office and were distributed to the BDRs through the General Manager on a "rotating basis."

13. On or about June 5, 2009, Defendant placed both Easterling and Terry on identical Performance Improvement Plans ("PIP") due to their declining gross profits.

14. According to the PIPs, each BDR was expected to show "significant improvement" in the following areas by July 17, 2009: sales activities; new account signings; lead generation; repeat sales from existing customers; and meet sales objectives by period and for the year.

15. Over the course of the PIP, General Manager Canzoneri subjected Easterling to a coordinated effort to ensure that she would fail to make adequate progress in meeting the requirements of the PIP.

16. Canzoneri provided Terry with a disproportionate number of new sales leads to the detriment of Easterling.

17. Canzoneri rejected several of Easterling's new business prospects,

4

while none of Terry's were rejected.

18.     Canzoneri failed to timely schedule installations for Easterling's new accounts, while Terry's accounts were timely serviced.

19.     Easterling was expected to perform certain administrative tasks associated with opening new accounts, including completing returns on investment forms, and was often left to perform her own installations, when Terry was not.

20.     Canzoneri required Easterling to attend a week-long national sales meeting in Florida, which prevented her from working her territory for a week: a meeting that Terry was not required to attend.

21.     Easterling was required to defer national sales account leads to the corporate "National Account" team, though Terry was not required to do so.

22.     Canzoneri was aware, or should have been aware, that Easterling had closed or was about to close no less than three major new contracts which would have resulted in Easterling exceeding her profit goals; however, these accounts were not reflected in her sales reports.

23.     Canzoneri terminated Easterling for poor sales performance on or about July 24, 2009.

24.     Terry completed the PIP without recourse.

25.     Easterling was replaced by Greg Sharp (male) in August or

September, 2009.

26.  The effects of the practices complained of in paragraphs 7-25 above have been to deprive Easterling of equal employment opportunities and otherwise adversely affect her status as an employee because of her sex, female.

27.  The unlawful employment practices complained of in paragraphs 7-25 above were intentional.

28.  The unlawful employment practices complained of in paragraphs 7-25 above were carried out with malice and/or reckless indifference to the federally protected rights of Easterling.

### PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.  Grant a permanent injunction enjoining Defendant, its officers, successors, assigns and all other persons in active concert or participation with it, from engaging in employment practices which discriminate on the basis of sex.

B.  Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for all employees and which eradicate the effects of its past and present unlawful employment practices.

C.  Order Defendant to make whole Easterling, who was adversely affected by Defendant's discriminatory conduct, by providing appropriate back pay

with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement.

  D. Order Defendant to make Easterling whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, including job search expenses, in amounts to be determined at trial.

  E. Order Defendant to make Easterling whole by providing compensation for non-pecuniary losses resulting from the unlawful employment practices described above, including emotional pain and suffering, inconvenience, loss of enjoyment of life, anxiety, stress, depression, and humiliation, in amounts to be determined at trial.

  F. Order Defendant to pay Easterling punitive damages for Defendant's malicious and reckless conduct described above, in amounts to be determined at trial.

  G. Grant such further relief as the Court deems necessary and proper.

  H. Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

P. David Lopez
General Counsel

James L. Lee
Deputy General Counsel

Gwendolyn Young Reams
Associate General Counsel

__9/29/11__
Date

s/ Robert K. Dawkins
Robert K. Dawkins
Regional Attorney
Georgia Bar No. 076206
robert.dawkins@eeoc.gov

Ottrell Ferrell Edwards
Trial Attorney
Georgia Bar No. 141979
ottrell.edwards@eeoc.gov

U.S. Equal Employment Opportunity Commission
Atlanta District Office
100 Alabama St., SW, Suite 4R30
Atlanta, Georgia 30303
Telephone: (404) 562-6818