IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | : |
| Plaintiff, | : CIVIL ACTION NO. |
| v. | : 1:11-cv-03331-HTW-GGB |
| FILTERFRESH COFFEE SERVICES, INC., | : |
| Defendant. | : JURY TRIAL DEMANDED |

## **CONSENT DECREE**

This action was instituted on September 29, 2011, by the Equal Employment Opportunity Commission (the "EEOC" or the "Commission") against the Defendant, Filterfresh Coffee Services, Inc. (the "Defendant") pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* (hereinafter "Title VII"), and the Civil Rights Act of 1991, 42 U.S.C. § 1981(a), to remedy the alleged wrongful practices identified in the Complaint filed in this action.

In its Complaint, the Commission alleged that Defendant terminated Kelli Easterling from her position as a Business Development Representative because of her sex, female, in violation of Title VII. The Commission also sought make-whole relief including, but not limited to, back pay, compensatory and punitive

1

damages, and injunctive and other affirmative relief.

The parties to this action desire to avoid the additional expense, delay, and uncertainty that would result from the continuance of this litigation, and desire to formulate a plan to be embodied in this Consent Decree that will promote and effectuate the purposes of Title VII. The parties want to conclude fully and finally all claims arising out of the charges of discrimination filed with the Commission by Kelli Easterling, and the Commission's Complaint. They enter into this Consent Decree to further the objectives of Title VII and equal employment opportunity. This Consent Decree is not to be deemed or construed to be an admission of liability or wrongdoing by Defendant but constitutes the good faith settlement of a disputed claim.

This Court has jurisdiction over the subject matter of this action and over the parties to this action, as the employment practices alleged to be unlawful in the Complaints filed herein occurred within the jurisdiction of the Northern District of Georgia, Atlanta Division.

This Court has reviewed the terms of the proposed Consent Decree in light of the pleadings and the applicable law and regulations, and has approved this Consent Decree as one that will promote and effectuate the purposes of Title VII.

Now, therefore, this Court being fully advised in the premises, it is hereby

ORDERED, ADJUDGED, AND DECREED:

**I.     JURISDICTION AND VENUE**

Jurisdiction of this Court is pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized pursuant to Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981(a).

**II.    DISCLAIMER OF VIOLATION**

It is understood and agreed that the negotiation, execution, and entry of this Consent Decree by the parties shall not constitute an adjudication or finding on the merits of this case and shall not be construed as an admission by either party with respect to the claims or defenses asserted in this case. Nothing in this Consent Decree shall be admissible in any other judicial or administrative proceeding for any purpose except to enforce the terms of this Consent Decree.

**III.   NON-DISCRIMINATION PROVISION**

Defendant, including its officers, agents, managers, supervisors, successors and assigns, and all those in active concert or participation with it, is enjoined from discriminating against any individual because of sex. Defendant agrees to comply with Title VII, and that all employment practices, including hiring, termination, and promotion, and all other terms and conditions of employment shall and

continue to be conducted in a manner that does not discriminate on the basis of sex.

IV. **NON-RETALIATION PROVISION**

Defendant, its officers, agents, employees, successors, assigns, and all those in active concert or participation with it, shall not engage in reprisal or retaliation of any kind against any person because such person:

(a). opposed any practice made unlawful under Title VII;

(b). filed a charge of discrimination with the Commission or a state agency or testified or participated in any manner in any investigation, proceeding, or hearing under Title VII;

(c). requested and/or received relief in accordance with this Consent Decree;

(d). participated in any manner in this action or in the investigation giving rise to this action; or(e). asserted any rights under this Consent Decree.

V. **INSTRUCTION TO MANAGEMENT**

Within thirty (30) days from the entry of this Consent Decree, Defendant, its successors or assigns, shall certify, in writing, to the EEOC that all of Defendant's management and supervisory personnel at its Norcross, Georgia facility have been instructed as to the terms of this Consent Decree, including the monetary amount of the settlement and the full meaning of the provisions of the Notice to be posted,

and that Defendant has reaffirmed with these employees that employment decisions are not to be made on any basis that is prohibited by Title VII. All written certification required by this Section shall be addressed to Robert K. Dawkins, Regional Attorney, EEOC Atlanta District Office, 100 Alabama Street SW, Suite 4R30, Atlanta, Georgia 30303.

## VI.   TRAINING

Within six months of entry of this Decree, Defendant, its successors or assigns, will provide a minimum of four (4) hours of EEOC-approved live anti-discrimination training for all of Defendant's managerial and supervisory employees at its Norcross, Georgia facility, the cost of which shall be borne by Defendant. The training shall include a review of the Respondent's employment policies, types of prohibited employment actions (including retaliation), consequences of engaging in prohibited employment actions, and what employees should do if they believe they have been subjected to prohibited employment actions. Similar live training will be provided annually thereafter. In addition, similar training (either live or videotaped) will be provided for all new managerial and supervisory employees at its Norcross, Georgia facility within seven (7) days of hire.

Within six months of entry of this Decree, Defendant, its successors or

assigns, shall provide anti-discrimination training (either live or videotape) to all of Defendant's non-managerial and non-supervisory employees at its Norcross, Georgia facility, the cost of which shall also be borne by the Defendant. The training will include review of the Defendant's employment policies, types of prohibited employment actions (including retaliation), consequences of engaging in prohibited employment actions, and what employees should do if they believe they have been subjected to prohibited employment actions. Such training will last a minimum of 45 minutes. Similar training will be provided for all new non-managerial and non-supervisory employees at the Norcross, Georgia facility within seven (7) days of hire. All non-managerial and non-supervisory employees at the Norcross, Georgia facility will receive similar training at least once per year.

All written notice and certification required by this Section of the Consent Decree shall be addressed and forwarded to Robert K. Dawkins, Regional Attorney, EEOC Atlanta District Office, 100 Alabama Street SW, Suite 4R30, Atlanta, Georgia 30303.

## VII. REPORTING REQUIREMENT

Every six (6) months for the duration of this Consent Decree, Defendant, its successors or assigns, shall certify in writing to the Regional Attorney whether any person employed at Defendant's Norcross, Georgia facility has complained about

discrimination and/or retaliation. If an employee has so complained, then the summary report shall include the following information:

(a) The date of the complaint or report;

(b) The name of the person making the complaint or report;

(c) The name and title of the person against whom the complaint or report was made;

(d) The nature of the complaint or report;

(e) The name and title of Defendant's official to whom the complaint or report was made;

(f) A description of how the complaint or report was resolved by Defendant, including any personnel action(s) taken by Defendant in response to the complaint or report; and

(g) The complainant's employment status, and if separated, a detailed explanation for the complainant's separation, the date of separation, and a copy of the complainant's separation notice.

The required report shall be addressed and forwarded to Robert K. Dawkins, Regional Attorney, EEOC Atlanta District Office, 100 Alabama Street SW, Suite 4R30, Atlanta, Georgia 30303.

## VIII. <u>NOTICES TO BE POSTED</u>

Upon entry of this Consent Decree and continuing until the expiration date specified in Section X herein, Defendant, its successors or assigns, shall keep posted in its Norcross, Georgia facility a copy of the Notice attached to this Consent Decree (as Attachment A). The posting required by this paragraph shall be made on bulletin boards or locations selected so that each employee shall have the opportunity to observe at least one such posting when at the property. Defendant, its successors or assigns will fulfill the posting requirement within fifteen (15) days of the entry of this Consent Decree and shall certify, within thirty (30) days of such date, that posting has been accomplished.

Defendant, its successors or assigns shall not withhold the right of the EEOC to enter upon its premises at the Norcross, Georgia facility to monitor compliance with this Section. Should the Notice become defaced, marred, or otherwise unreadable, Defendant, its successors or assigns will ensure that a new, readable copy of the Notice is posted in the same manner as heretofore specified within five (5) working days of discovering the defective Notice.

## IX.  CHARGING PARTY'S INDIVIDUAL RELIEF

Defendant, its successors or assigns, in settlement of all claims alleged by the Commission in its Complaint, shall pay Kelli Easterling within ten (10) business days of the entry of this Consent Decree the gross amount of $90,000.00

Dollars, less applicable taxes, withholdings, and other deductions required by law. Within five (5) business days of issuing the check to Kelli Easterling, Defendant shall mail copies of the check to the EEOC addressed to Robert K. Dawkins, Regional Attorney, EEOC Atlanta District Office, 100 Alabama Street SW, Suite 4R30, Atlanta, Georgia 30303.

## X.   TERM OF DECREE AND PERIOD OF JURISDICTION

This Consent Decree shall continue to be effective and binding upon the parties to this action, and their successors or assigns, for a period of twenty-four (24) calendar months immediately following the entry of the Decree, provided that all remedial benefits required hereby have been received or offered prior to its expiration and provided further, that all required reports and certifications are submitted at least thirty (30) days before the expiration date of the Consent Decree. If required reports are not submitted within thirty (30) days of the expiration date or if the remedial benefits are not received or offered, the Consent Decree will be automatically extended until these provisions are completed.

Upon the Court's execution and entry of this Consent Decree, this case shall be dismissed with prejudice. However, this Court shall retain jurisdiction over this action for the purposes of clarifying and enforcing this Consent Decree and for any other appropriate or equitable purposes for twenty-four (24) calendar months from

the date of entry of this Consent Decree, unless the Court acts or the Commission has, prior to the expiration of said twenty-four (24) calendar month period, moved to enforce compliance with the Consent Decree. If the Court acts or the Commission has moved to enforce compliance with this Consent Decree within this period, this Court shall retain jurisdiction of this action until all issues relating to all such motions which are made during the twenty-four (24) month period have been resolved. At the expiration of the twenty-four (24) month period of jurisdiction, if all obligations have been performed by the parties under this Consent Decree, and no disputes regarding compliance remain unresolved, then the Decree shall operate as an automatic dismissal with prejudice.

## XI.   COMPLIANCE OFFICIAL

The Defendant has designated Jesse Deutsch, VP and CFO, to be Defendant's Compliance Official who shall be responsible for Defendant's compliance with this Consent Decree. The Compliance Official is to be responsible for coordinating and overseeing Defendant's, its successors or assigns', compliance with the specific terms of this Consent Decree.

## XII.   PROCEDURE FOR ENFORCING COMPLIANCE

The Commission will attempt to resolve any dispute regarding the enforcement of this Consent Decree by informal mediation and consultation before

seeking enforcement through the judicial process. The Commission will notify, in writing by first class mail and facsimile, Defendant's Compliance Official if it has any reason to believe that any act or omission by Defendant, its successors or assigns, is in violation of the Consent Decree. Defendant, its successors or assigns, shall have thirty (30) days after the receipt of such notification to cure any such alleged deficiency, and to notify the EEOC, by written report addressed to Robert K. Dawkins, Regional Attorney, EEOC Atlanta District Office, 100 Alabama Street SW, Suite 4R30, Atlanta, Georgia 30303, of the measures taken to cure the alleged deficiencies.

If upon receipt of Defendant's report, the EEOC concludes that the deficiency has not been satisfactorily cured by Defendant, its successors or assigns, the EEOC shall seek to resolve the alleged deficiency through good faith conciliation or mediation. If the alleged deficiency is not resolved within thirty (30) days after the initiation of such good faith conciliation or mediation process, then the EEOC may seek enforcement of this Consent Decree through the judicial process.

Nothing in this agreement shall be deemed to prohibit any matter which occurred during the term of this Consent Decree, and which constitutes a dispute as contemplated by this Section, from being fully and completely resolved in the

manner described in this Section, even if the term of the Consent Decree expires prior to thirty (30) days after the initiation of good faith conciliation or mediation as set forth in this Section.

## XIII. OTHER ACTIONS

The Commission shall not commence or prosecute Defendant, its successors or assigns, for any action or other proceeding based upon any claims, demands, causes of action, obligations, damages or liabilities that arose out of Kelli Easterling's claims that she was subjected to discrimination based on sex by Defendant, in violation of Title VII, as embodied in EEOC Charge Number 410-2009-05090, which was investigated by the Commission's Atlanta District Office. This Consent Decree in no way affects the Commission's right to process any pending or future charges that may be filed against Defendant, its successors or assigns, in accordance with standard Commission procedures, and to commence and prosecute civil actions pursuant to Title VII (or any other statutes enforced by the Commission) on any such charges. Nothing herein shall preclude the Commission from bringing an action to enforce the provisions of this Consent Decree.

## XIV. COSTS AND ATTORNEYS FEES

The EEOC and Defendant, its successors or assigns, shall each bear their

own respective costs and attorneys' fees for this action.

The parties hereto and undersigned attorneys of record for the parties in the above-styled action hereby consent to the entry of the foregoing Consent Decree.

**BY CONSENT**:

Counsel for Plaintiff:

Robert Dawkins
Regional Attorney
Georgia Bar No. 076206

James L. Cerwinski
Trial Attorney
Georgia Bar No. 27786

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION- Atlanta District Office
100 Alabama Street, SW, Suite 4R30
Atlanta, Georgia  30303
Telephone:  (404) 562-6818
Facsimile:   (404) 562-6905

Counsel for Defendant:

Sean K. McMahan
GA Bar No. 140861
Morgan, Lewis & Bockius, LLP
1111 Pennsylvania Avenue, NW
Washington, DC 20004
Tele.: (202) 739-5520
Email: smcmahan@morganlewis.com

SO ORDERED this <u>10th</u> day of <u>SEPTEMBER</u>, 2012.

/s/ Julie E. Carnes
―――――――――――――――――――
~~The Honorable Horace T. Ward~~
~~Senior Judge, United States District Court~~
JULIE E. CARNES
CHIEF U.S. DISTRICT JUDGE

Attachment A
(on company letterhead)

## **NOTICE TO EMPLOYEES AND JOB APPLICANTS**

This Notice is posted as part of a remedy agreed to pursuant to a Consent Decree entered in the case of *Equal Employment Opportunity Commission (EEOC) v. Filterfresh Coffee Services, Inc.*, Case No. 1:11-cv-03331-HTW-GGB, on file in the United States District Court for the Northern District of Georgia. The agreed remedy as set forth in the Consent Decree includes monetary relief; training regarding federal and state statutes prohibiting employment discrimination; notice of rights to employees; reporting requirements; and an agreement by defendant to not retaliate against employees who engage in protected activity.

Federal law prohibits discrimination against any employee because of race, national origin, color, religion, sex, disability, age (forty and over), or genetic information with respect to hiring, promotion, firing, compensation, or other terms, conditions or privileges of employment. Federal law also prohibits retaliation against persons who complain of or oppose practices they believe are discriminatory on the basis of race, national origin, color, religion, sex, disability age (forty and over), or genetic information and it prohibits retaliation against persons who file charges with the EEOC, or who participate in or cooperate with an EEOC investigation. Filterfresh Coffee Services, Inc. supports and will comply with such federal law in all respects and will not take any action against employees because they have exercised their rights under the law. Specifically, the company will not tolerate discrimination in employment, nor will it tolerate retaliation against any employee for exercising rights under law.

Employees or job applicants should feel free to report instances of discriminatory treatment to management officials at any time. The company has established policies and procedures to promptly investigate any such reports and to protect the person making the reports from retaliation, including retaliation by the person allegedly guilty of the discrimination. Individuals are also free to make complaints about employment discrimination to the Office of the Regional Attorney, United States Equal Employment Opportunity Commission, Atlanta District Office, 100 Alabama Street, Suite 4R30, Atlanta, Georgia 30303 (Attention: Robert K. Dawkins, Regional Attorney) or by telephone to (404) 562-6818.

TO REMAIN POSTED UNTIL _____